UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE MCCALL,

        Plaintiff,

v.                                  Case No:  6:18-cv-1670-Orl-22DCI

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Defendant's Motion to Tax Costs (Doc. 35)
>
> **FILED:** January 21, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

On October 5, 2018, Plaintiff filed a complaint asserting claims of age discrimination pursuant to the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FRCA). Doc. 1 (the Complaint). On November 15, 2018, Defendant filed its answer to the Complaint. Doc. 6. The case proceeded, and on October 11, 2019, Defendant filed a motion for summary judgment. Doc. 18. Plaintiff filed her response to that motion, and Defendant filed its reply. Doc. 23; Doc. 27. On January 7, 2020, the Court granted Defendant's motion for summary judgment. Doc. 33. On January 8, 2020, the Clerk entered judgment providing that providing that Plaintiff shall take nothing on her claims against Defendant. Doc. 34. On January 21, 2020,

Defendant filed the motion for taxation of costs that is now before the Court. Doc. 35 (the Motion). Plaintiff has not objected to Defendant's request for costs, and the time for doing so has elapsed. Therefore, the Motion is unopposed.

## II.    Applicable Law

Rule 54, Federal Rules of Civil Procedure, provides, in relevant part, that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered, 'since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)) (citation omitted).[1] To defeat the presumption and deny some or all costs, a district court must have and state a sound basis for doing so. *Id.*

"[A] court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920 specifies which costs are recoverable, and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id*. When challenging whether costs are properly taxable, the burden lies with the challenging party. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). However, the party seeking costs must provide sufficient detail and documentation regarding the requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

### III. Discussion

Defendant, as the prevailing party, is entitled to recover its costs pursuant to § 1920. Defendant requests an award of $3,083.00. Doc. 35 at 2. Defendant has attached the following documentation to the Motion: a bill of costs (Doc. 35-1); invoices and a firm cost statement (Doc. 35-2); and an affidavit from defense counsel (Doc. 35-3). Upon review of the Motion and the attached documents, the undersigned finds that Defendant has provided sufficient detail and

documentation such that the undersigned can conduct a meaningful review of the costs. *See Lee*, 93 F. Supp. 2d at 1335-36.

Defendant seeks $3,006.80 for court reporter and videographer fees and $76.20 in photocopying costs and represents that these costs are associated with deposition transcripts. Doc. 35 at 2. "Taxation of deposition costs is authorized by § 1920(2)." *W & O, Inc.*, 213 F.3d at 620 (citing *U.S. v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993)). Ultimately, the question of whether costs for a deposition are recoverable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case. *Id.* at 620-21. Here, Defendant represents that the deposition transcripts with which these costs are associated were necessary for use in this case and are taxable under § 1920. Without any objection from Plaintiff, the undersigned finds that Defendants are entitled to recover all of the costs they seek in this Motion.

**IV.  Conclusion**

For the reasons stated herein, it is **RECOMMENDED** that:

1. The Motion (Doc. 35) be **GRANTED**; and

2. The Clerk be directed to tax costs in favor of Defendant in the total amount of $3,083.00

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on February 7, 2020.

                                       DANIEL C. IRICK
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy